**Todd HINZ, Plaintiff–Appellant,**

v.

**VILLAGE OF PERRY, Defendant–
Appellee.**

**15–2239–cv**

United States Court of Appeals,
Second Circuit.

June 20, 2016

For Plaintiff–Appellant: RYAN C. WOOD-
WORTH, The Woodworth Law Firm, Roch-
ester, NY.

For Defendant–Appellee: MARY E. SHEP-
ARD (James S. Wolford, on the brief), The
Wolford Law Firm LLP, Rochester, NY.

PRESENT: José A. Cabranes,
Raymond J. Lohier, Jr., Susan L. Carney,
Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Todd Hinz ("Hinz")
appeals from a June 25, 2015 judgment of
the District Court granting the motion for
summary judgment of defendant-appellee
the Village of Perry ("the Village"). Hinz
alleges that the Village, his former em-
ployer, discriminated against him, in viola-
tion of Title I of the Americans with Dis-
abilities Act ("ADA"), 42 U.S.C. §§ 12111
*et seq.*, because he suffers from Crohn's
disease. Although Hinz argued below that
he was the victim of discriminatory termi-
nation and retaliation, he has abandoned
those claims on appeal. Instead, he chal-
lenges the judgment of the District Court
only insofar as it rejected his hostile work
environment claim. We assume the parties'
familiarity with the underlying facts, the
procedural history of the case, and the
issues on appeal.

We review *de novo* a grant of summary
judgment, "resolv[ing] all ambiguities and
draw[ing] all reasonable inferences against
the moving party." *Tolbert v. Smith*, 790
F.3d 427, 434 (2d Cir. 2015). Summary
judgment is appropriate "[w]here the rec-
ord taken as a whole could not lead a
rational trier of fact to find for the non-
moving party." *Matsushita Elec. Indus.
Co. v. Zenith Radio Corp.*, 475 U.S. 574,
587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Hinz presents three arguments on ap-
peal. First, he urges our Court to recog-
nize a cause of action under the ADA for a
hostile work environment. Second, he ar-
gues that the District Court erred in rul-
ing that the complained-of conduct in
Hinz's workplace was not sufficiently se-
vere or pervasive to establish a hostile
work environment. Finally, Hinz argues
that the District Court erred in ruling that
he failed to produce any evidence that he
was "regarded as having . . . an impair-
ment" within the meaning of the ADA. *See*
42 U.S.C. § 12102(3)(A); *see also id.*
§ 12102(1).

This Court has "not yet decided whether
a hostile work environment claim is cogni-

**4**

zable under the ADA." *Robinson v. Dibble*, 613 Fed.Appx. 9, 12 n.2 (2d Cir. 2015) (summary order). We need not resolve that issue today, because even if such a claim is cognizable, Hinz has failed to raise a genuine dispute of material fact as to whether his employer regarded him as disabled. This question "turns on the employer's perception of the employee" and is "a question of intent, not whether the employee has a disability." *Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997). Hinz concedes that he never told the Village or any of its employees that he has Crohn's disease, never requested an accommodation for his disease, and rarely took sick days. And, contrary to Hinz's arguments, neither his supervisor's alleged remarks nor the context in which they were made suggests a belief that Hinz was disabled. When asked if the employer ever said anything to Hinz that "made [Hinz] believe [the employer] knew [Hinz] had a disability," Hinz stated, "I don't know." In short, we agree with the District Court that Hinz cannot show that defendant perceived Hinz to be impaired under 42 U.S.C. § 12102(3)(A).

### CONCLUSION

We have reviewed all of the remaining arguments raised by Hinz on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.